# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

******************************************

**Robert Watson**

    **Plaintiff**

vs.                                                              DKT. NO.:

**Teamster Union Local 170 &**
**James Fiori**

    **Defendants**

******************************************

## COMPLAINT

Plaintiff Robert Watson ("Watson") brings this action against Teamsters Union Local 170 ("the Local"), and James Fiori ("Fiori") (collectively "Defendants") upon information and belief, except as to his own actions, the investigation of his counsel, and facts that are a matter of public record, as follows:

## THE PLAINTIFF

1. Watson is a resident of Ashby, Massachusetts and is a member of Teamsters Union Local 170.

## THE DEFENDANTS

2. Teamsters Union Local 170 is a local branch of the International Brotherhood of Teamsters, and is located in Worcester, Massachusetts.

3. Fiori is a member of, and local business agent for Teamsters Union Local 170, and is a resident of Massachusetts.

## **SUBSTANTIVE ALLEGATIONS**

4. In or around late 2005, Watson ran and was elected as steward for the Local.

5. Watson served as steward until December 17, 2009, when his employment was terminated by P.J. Keating Company ("Keating").

6. Immediately thereafter, Watson filed a timely grievance of his termination.

7. On March 10, 2010, Arbitrator James S. Cooper ("Arbitrator Cooper") rescinded Watson's termination, and ordered the company to reinstate him to his former position effective March 15, 2010.

8. Upon Watson's return to work on March 15, 2010, he was informed by Local Business Agent Fiori that although his employment with Keating was restored, Arbitrator Cooper's decision removed him from the steward position, and the steward alternate Bob Richards was made the permanent steward.

9. Believing that Fiori's interpretation of Arbitrator Cooper's decision was incorrect, Watson attempted to speak with several other individuals, including union attorney Ray Reed.

10. At no point did Watson receive a satisfactory explanation to back up the Local's belief that Arbitrator Cooper's decision removed him from the steward position upon his return to work.

11. To the contrary, Arbitrator Cooper's decision expressly confirms that Watson was to remain steward upon his return to work with Keating. Paragraph 2c of Arbitrator Cooper's decision states in relevant part, "[t]he company shall reinstate him to his former position effective March 15, 2010, but he shall be considered incapable of performing the steward's job for the purpose of being the first person to report to work each morning."

12.     Arbitrator Cooper's decision only created a single limitation on Watson's performance of the steward position.

13.     Arbitrator Cooper's decision did not strip Watson of any other steward responsibilities or benefits, let alone remove him from the steward position altogether.

14.     Arbitrator Cooper's reference to one specific aspect of the steward position (i.e. being the first person to report to work each morning) implicitly excludes any other substantive changes to Watson's role as steward.

15.     The remainder of paragraph 2c of Arbitrator Cooper's decision provides additional support for Watson's position. The decision continues in relevant part, "[t]his lack of capacity shall be for one year from the date of his reinstatement. Thereafter Watson, if still a Union steward, shall be eligible to be reconsidered for this early start . . . ."

16.     That Arbitrator Cooper's decision contemplates Watson remaining steward for a year following his reinstatement demonstrates that Arbitrator Cooper never intended that Watson be removed from the steward position as a condition of his reinstatement.

17.     Notwithstanding the fact that the language of Arbitrator Cooper's decision clearly does not support the Local's belief that Arbitrator Cooper removed Watson from the steward position, removal of Waston as steward was not even an issue at the grievance arbitration. On page one of Arbitrator Cooper's decision, he describes the issues before him as follows:

> The **parties stipulated** to the following issue in dispute:
> 1. Did the Company have just cause to discharge Robert Watson of December 17, 2009?
> 2. If not, what shall be the remedy?

18.     Thus, the only issue that Arbitrator Cooper ruled on was whether Watson was wrongfully terminated by Keating. He was not asked to decide whether Watson would retain his steward position if reinstated.

3

19. On or about May 11, 2012, Attorney Shafran (on behalf of Watson) wrote to Local Secretary/Treasurer Michael Hogan ("Hogan") informing him of the above allegations and seeking to reach a settlement with the Local.

20. On May 23, 2012, Hogan responded via letter and failed to mention anything regarding the Local's belief that Arbitrator Cooper's decision removed Watson as steward, but rather asserted that the Local removed Watson following Arbitrator Cooper's decision "for the good of the Union."

21. Assuming Hogan's position is correct, because Watson was an elected steward, he could only be removed "for the good of the Union" in accordance with Article XIX of the Teamsters International Constitution ("Constitution") (which provides Watson the right to receive the charges against him in writing, and a trial on said charges).

22. More specifically, Article 12.8 of the collective bargaining agreement between the Local and Keating provides in relevant part, "[t]he Union reserves the right to remove the steward at any time for the good of the Union through its By-Laws."

23. Article XVI, Section 1 of the Local's By-Laws provides in relevant part, "[e]lected stewards may be removed in accordance with Article XIX of the Constitution or as outlined in their respective collective bargaining agreement."

24. Thus, because Watson was an elected steward, he could only be removed from the steward position in accordance with the trial procedure laid out in Article XIX of the Constitution.

25. The Local did not remove Watson as steward in accordance with Article XIX of the Constitution; rather he was removed via nothing more than Fiori's oral assertion that he was no longer steward.

26. As a result, Mr. Watson lost the job seniority status associated with being a steward, has sustained monetary damages and is entitled to immediate reinstatement as steward.

## CAUSES OF ACTION

### COUNT 1
### (Breach of Contract)

27. Paragraphs 1 through 26 are hereby incorporated by reference hereto.

28. The Local By-Laws and Constitution constitute binding contracts between Watson and the Local.

29. Fiori's incorrect interpretation of Arbitrator Cooper's decision and removal of Watson as steward was in breach of the provisions of the Local By-Laws and Constitution.

30. As a result of the Local and Fiori's violation, Watson has suffered damages.

### COUNT 2
### (Violation of § 301(a) of the Labor Management Relations Act)

31. Paragraphs 1 – 30 are hereby incorporated by reference as if fully set forth herein.

32. As a member of the Local, Watson is entitled to the protections of the Constitution, as well as those of the Local By-Laws.

33. The Local and Fiori's removal of Watson as the union steward was in violation of the provisions of the Constitution or the Local By-Laws.

34. The Local and Fiori's breach of the Constitution constitutes a violation of § 301(a) of the LMRA.

35. As a result of the Local and Fiori's violation, Watson has suffered damages.

### COUNT 3
### (Violation of § 101(a) (5) of the Labor Management Reporting Disclosure Act

36. Paragraphs 1 – 35 above are hereby incorporated by reference as if fully set forth herein.

37. Section 101(a) (5) of the LMDRA provides that "[n]o member of any labor organization may be fined, suspended, expelled or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; and (C) afforded a full and fair hearing."

38. Watson was never served with any written specific charges; he was not given any time to prepare a defense; and he was not afforded a full and fair hearing.

39. The Local and Fiori's failure to follow the procedures outlined in the LMDRA constitutes a violation of the Act.

40. As a result of the Local and Fiori's violation, Watson has suffered damages.

Respectfully submitted,
Robert Watson

By his attorney


/s/ Adam J. Shafran_____
Adam J. Shafran, BBO# 670460
Ellis & Shafran, P.C.
4 Pearl Street
Dedham, Massachusetts  02026
781-329-1157
781-459-0082 fax

Dated: June 14, 2013

## CERTIFICATE OF SERVICE

I, Adam J. Shafran, do hereby certify that this document filed through the ECF system shall be sent electronically to the registered participants as identified on the Notice of Electronic Filing on June 14, 2013

/s/ Adam J. Shafran
Adam J. Shafran