ROBERT WATSON,
    Plaintiff,

v.

TEAMSTERS UNION LOCAL 170,
    Defendant.

CIVIL ACTION
No. 13-40075-TSH

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS (Docket No. 6)
### March 27, 2014

**HILLMAN, D.J.**

### Background

Plaintiff, Robert Watson ("Watson" or "Plaintiff"), has filed an Amended Complaint against Teamsters Union Local 170 ("Local 170" or "Defendant") alleging claims for: breach of contract (Count 1) and violation of § 301(a) of the Labor Management Relations Act (Count 2). This Order addresses Defendants' Motion to Dismiss for Failure to State a Claim Pursuant to F.R.Civ.P. 12(b)(6) (Docket No. 6).[1]

---

[1] Watson's original complaint which named James Fiori, a business agent for Local 170, as a defendant and included a claim for violation of § 101(a)(5) of the Labor Management Relations Act. After the Defendants filed their motion to dismiss, Watson filed his Amended Complaint, as of right, *See* Fed. R. Civ. P. 15(a)(1)(B), to drop Fiori and the claim for violation of Section 101(a)(5). Therefore, Defendants' motion to dismiss is moot to the extent it seeks dismissal of Fiori and the Section 101(a)(5) claim.

## Discussion

### Standard of Review

On a Rule 12(b)(6) motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm.*, LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernàndez v. Fortuño-Burset,* 640 F.3d 1, 13 (1st Cir. 2011).

### Extrinsic Evidence Included with Submissions

Plaintiff and Defendant have submitted the following extrinsic evidence in support and in opposition to the motion to dismiss: (1) a copy of the arbitrator's decision from March 10, 2010, *see Mem. of L. in Supp. of Mot. to Dism. at Ex. A*; (2) a copy of the arbitrator's decision from October 18, 2010, *see Mem. of L. in Supp. of Mot. to Dism. at Ex. B*; (3) a copy of the decision of

the Executive Board of Teamsters Joint Council 10 New England, *see Mem. of L. in Supp. of Mot. to Dism. at Ex. C*; (4) a copy of the decision of the General Executive Board, *see Mem.of L. in Supp. of Mot. to Dism. at Ex. D*; (5) a copy of Teamsters Union Local 170 Bylaws Article XVI, *see Mem. of L. in Supp. of Mot. to Dism. at Ex. E*; (6) a copy of Agreement between Teamsters Union Local 170 and P.J. Keating and Co., *see Mem. of L. in Supp. of Mot. to Dism at Ex. F*; (7) a copy of International Brotherhood of Teamsters Union Constitution Article XIX §§ 7-8, *see Mem. of L. in Supp. of Mot. to Dism. at Ex G*; (8) a copy of International Brotherhood of Teamsters Union Constitution Article XIX § 1, *see Mem. of L. in Opp. to Mot. to Dism. at Ex. A*; (9) a copy of the minutes of the Executive Board of Teamsters Joint Council 10 New England, *see Reply Mem. of L. in Supp. of Mot. to Dism. at Ex. A*; and (10) a copy of International Brotherhood of Teamsters Union Constitution Article XIX § 13, *see Reply Mem. of L. in Supp. of Mot. to Dism. at Ex. B*. Parties are generally barred from raising issues of fact or including extrinsic material with a Rule 12(b)(6) motion to dismiss. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993); *see* Fed.R.Civ.P. 12(d)(if on motion under Rule 12(b)(6) matters outside pleadings are presented to and not excluded by court, motion must be treated as one for summary judgment under Rule 56). However, courts may consider those documents the authenticity of which are not in dispute, such as public records, or documents substantially incorporated into a complaint by reference. *Id.* at 3-4 (internal citations omitted).

     While the parties incorporate some of their submissions into the Amended Complaint and some of the documents constitute public records, some of the submissions remain outside of the pleadings and/or public record. Therefore, the Court is compelled to either exclude such submissions or, after notice to the parties, convert the motion to dismiss into one for summary

judgment. For the reasons set forth below, the Court will deny the motion to dismiss and grant the parties additional time to develop their arguments for or against summary judgment.

*Facts*

Watson was a mechanic at P.J. Keating Company ("P.J. Keating"). Late in 2005, he was elected union steward of Local 170. On December 19, 2009, Watson was fired by P.J. Keating. He filed a grievance of his termination. Local 170 represented Watson during the grievance and arbitration process. Arbitrator James S. Cooper ("Arbitrator Cooper") overturned the termination and Watson was restored to his employment at P.J. Keating effective March 15, 2010. Arbitrator Cooper determined that Watson had lied in the workplace and that his testimony at the arbitration about the underlying events was a "total fabrication." As punishment Arbitrator Cooper imposed several limitations on Watson's employment, including that Watson would be barred from being the first person to report to work each morning for one-year from the date of his reinstatement, a job duty traditionally granted to the steward.

Upon Watson's return to work on March 15, 2010, Local 170 business agent, James Fiori ("Fiori"), informed Watson he had been removed as union steward in accordance with the arbitrator's decision. On November 18, 2011, P.J. Keating had a reduction in force and Watson was one of the employees laid off. On May 11, 2012, Watson sent a letter to Local 170 Secretary/Treasurer Michael Hogan ("Hogan") to complain that he had been wrongfully removed as steward. Per the collective bargaining agreement between Local 170 and P.J. Keating, the stewards acquire "superseniority" status and are the last employees laid off. On May 23, 2012, Watson received a response from Hogan which stated the basis for Watson's removal as steward was "for the good of the Union."

Following Watson's removal as steward, he continued to have access to the other benefits of union membership, and the union successfully represented him during grievance arbitration after he was again fired in or about May 2010. Additionally, Watson retained the right to call for an election for union steward and the right to run for the position of union steward at the end of a one-year period beginning at the time of his reinstatement.

*Discussion*

The Amended Complaint makes two claims against Local 170: that it breached its contractual obligations by improperly removing Watson as union steward, and that the breach of contract was a violation of § 301(a) of the Labor Management Relations Act. 29 U.S.C. § 185(a). Assuming the facts in the light most favorable to the Plaintiff, there are additional facts and legal arguments that must be more thoroughly developed regarding issues such as: whether the arbitration decision was binding on Local 170, what procedures were followed by Local 170 to remove Watson as steward, and what effect the regular/annual election of stewards would have on Watson's claims to the position in November of 2011.[2] Simply put, on this record and given the unresolved issues, the Court cannot find the Plaintiff has failed to state a plausible claim. Moreover, this is a matter better decided on motion(s) for summary judgment with a more extensive factual record.

For these reasons, the Defendant's motion to dismiss is denied. The Court shall schedule a status conference with the parties for the purpose of determining what, if any, further discovery is necessary, and to set up a briefing schedule.

---

[2] This is by no means an exhaustive list, and the parties are free to address whatever other legal arguments they deem relevant to their respective cases.

## **Conclusion**

It is hereby Ordered:

That the Defendants' Motion to Dismiss for Failure to State a Claim Pursuant to F.R.Civ.P. 12(b)(6) (Docket No. 6), is ***denied***.

                                                    */s/ Timothy S. Hillman*
                                                    TIMOTHY S. HILLMAN
                                                    DISTRICT JUDGE